### Barry R. SMITH

v.

### TOWN OF MIDDLETOWN, By and Through its Finance Director, David FAUCHER, and Michael Embury, Middletown Town Administrator.

### No. 93–570—Appeal.

Supreme Court of Rhode Island.

June 30, 1994.

Joseph Penza, Jr.

Francis Holbrook, II, Michael Miller.

### ORDER

This case came before a hearing panel of this court for oral argument June 21, 1994 pursuant to an order that had directed both parties to appear and show cause why the issues raised by this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown. The issues should be summarily decided.

The town has appealed from summary judgment entered for the plaintiff, Barry R. Smith requiring the town to reimburse him for his law school expenses pursuant to the provisions of G.L. 1956 (1993 Reenactment) § 42–28.1–5.

The statute provides that a police officer will be reimbursed for completion of any course or courses mentioned in § 42–28.1–4. This section provides credit for courses taken in a university or college approved by the New England Association of Colleges and Secondary Schools (New England Association). Section 42–28.1–3 includes a juris doctor degree as an eligible course of study under this program. Although the juris doctor program of Roger Williams University has not been accredited by the American Bar Association so as to allow graduates of said program to take the bar examination in this state, the University has been accredited by the New England Association. The statute does not require that a program be approved by the American Bar Association. It is not the function of this court to rewrite the statute but only to apply it as written by the General Assembly.

Consequently, the appeal of the town is denied and dismissed. The summary judgment entered in the Superior Court is hereby affirmed.

LEDERBERG, J., did not participate.